IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**DENETRIS BRISTER**                                                                                       **PLAINTIFF**

**VERSUS**                                                        **CIVIL ACTION NO. 2:05cv2045KS-MTP**

**WALTHALL COUNTY SHERIFF DEPUTIES,
KENNETH MARTIN And GLENN ALLEN, In Their
Individual Capacities; COUNTY OF WALTHALL;
COUNTY OF LAWRENCE; COUNTY OF MARION;
and JOHN DOES 1-5 in Their Individual Capacities**                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on separate Motions to Dismiss **[#s16 & 17]** filed on behalf of Walthall County Deputy Sheriffs Kenneth Martin ("Martin") and Glenn Allen ("Allen") for failure of service of process pursuant to Rule 12(b)(2), (4), (5) and (6).[1] Also pending is a Motion to Dismiss **[#18]** filed on behalf of Walthall County for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

On August 17, 2005, the plaintiff filed her Complaint against the numerous defendants cited above including Martin, Allen and Walthall County, Mississippi. She has alleged causes of action arising under 42 U.S.C. §§ 1981, 1983 and 1988, the

---

[1] Although the defendants cite to subsections 2, 4, 5 and 6 of Rule 12(b), the correct subsection under which to challenge a failure of service of process is subsection 5 as explained hereinafter.

Fourth and Fourteenth Amendments to the United States Constitution, and under Article Three, § 23 of the Constitution of the State of Mississippi.

Factually, Brister alleges that she was arrested pursuant to a warrant by Walthall County Sheriff's Deputy Kenneth Martin whom Brister claims used excessive force in arresting her.  She alleges that after her arrest she was carried to the Lawrence County jail for a few days where she was refused medical care necessitated by Martin's alleged use of excessive force.  Brister further contends that she was then carried by a Marion County Sheriff's Deputy to the Marion County jail for a few days where she was again refused medical treatment.  She claims that she posted bail in Marion County and then was transported to Walthall County jail where she was denied medical care for the third time.  She contends that she ultimately posted bail and after release from the Walthall County Jail, sought and received medical treatment for the alleged injuries she purportedly suffered when arrested by Martin.

## MOTIONS TO DISMISS

### Service of Process on Deputies Martin and Allen

The plaintiff attempted personal service of process upon Martin and Allen by leaving a copy of the Summons and Complaint with an unidentified deputy sheriff at the Walthall County Jail.  The return for proof of service reflects this attempt and the plaintiff does not argue otherwise.  It is incumbent on the plaintiff in this case to establish that she properly served the named defendants since "[t]he party on whose behalf service is made has the burden of establishing its validity."  5A C. WRIGHT & A.

2

MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1353.

Rule 12(b)(4) is the proper challenge when it is alleged that the Summons and Complaint do not properly name the party on whom the Summons and Complaint is served. Rule 12(b)(5) is the proper challenge when the wrong party is served with an otherwise proper Summons and Complaint. "If a misnomer or mistake on the part of the Plaintiff constitutes a fatal defect, that is, a defect of substance and not merely one of form, the process would be void ab initio and . . . there would be, as recognized by Rule 12(b), both insufficiency of process and insufficiency of service of process." *Sweeney v. Greenwood Index- Journal Co.*, 37 F. Supp. 484 (D.C. S.C. 1941). *See also* 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1353. Service of a proper summons and Complaint on a person other than the named defendant is thus viewed as insufficient service of process under Rule 12(b)(5) as a matter of form.

Rule 4(e) of the Federal Rules of Civil Procedure governs service of process on individuals as attempted by the plaintiff in this case. That rule provides:

> **(e) Service Upon Individuals Within a Judicial District of the United States.** Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> **(1)** pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> **(2)** by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of

> suitable age and discretion then residing therein or by delivering a
> copy of the summons and of the complaint to an agent authorized
> by appointment or by law to receive service of process.

The plaintiff attempted personal service of process pursuant to Rule 4(e)(2) on Martin and Allen by leaving a copy of the Summons and Complaint with an unnamed deputy at the Walthall County Jail.  This is not sufficient for personal service under Rule 4(e)(2) and the plaintiff has not argued for recognition of service under any alternate subsection.  Service of process on Martin and Allen was insufficient and defective as a matter of form.  When faced with defective process as a matter of form, the court is faced with the question of whether it should simply quash process or dismiss the complaint.  "[T]he court may use its discretion not to dismiss the action in those cases in which it is not clear whether proper service has been made; the simplest solution in this situation is to quash process and allow plaintiff another opportunity to serve defendant."   5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1354.

The defendants have argued for a dismissal of the Complaint, but the court concludes that it should quash process and allow the plaintiff thirty days from the date of this order to perfect service of process on Martin and Allen or face dismissal as to these two defendants.

**<u>Dismissal as to Walthall County for Failure to State a Claim</u>**

Defendant Walthall County has moved the Court to dismiss this matter under Rule 12(b)(6) for failure of the plaintiff to state a claim upon which relief can be granted.  In ruling on a 12(b)(6) motion, the court may not go outside the pleadings, specifically

the complaint in this case. "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990). As the Fifth Circuit has stated, "We may not go outside the pleadings. We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted). *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994). If any matters outside the complaint are considered, the motion is converted to one for summary judgment. *See Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980).

According to Walthall County, Brister's Complaint fails to identify any policy or custom promulgated by Walthall County which deprived the plaintiff of her constitutional rights and that the Complaint, on its face, fails to allege specific facts to identify how any policy on behalf of Walthall County was the moving force which deprived the plaintiff of her constitutional rights. Based on these alleged shortcomings, the defendant Walthall County thus argues that the Complaint should be dismissed as to it.

**Section 1983 Liability**

The plaintiff must establish, as a prerequisite to maintaining a Section 1983 claim, the following:

(a) that the defendants were acting under color of state law, and
(b) that while acting under color or state law, the defendants violated rights of the plaintiff that are protected by the United States Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535; 101 S.Ct. 1908, 1912; 68 L.Ed.2d 420 (1981); *Augustine v. Doe*, 740 F.2d 322, 324 (5th Cir. 1984).

### Section 1983 and Municipal Liability

The Fifth Circuit discussed the standard to govern the imposition of municipal liability in Section 1983 actions in *Webster v. Houston*, 735 F.2d 838, 841 (5th Cir. 1984):

> A municipality is liable under Section 1983 for a deprivation of rights protected by the Constitution or federal laws that is inflicted pursuant to official policy. Official policy is:
>
> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policymaking authority;
>
> or
>
> 2. A persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policymaking authority. Actions of officers or employees of a municipality do not render the municipality liable under Section 1983 unless they execute official policy as above defined.

"The policy is that of the city, however, where it is made by an official under authority to do so given by the governing authority." *Bennett v. Slidell*, 728 F.2d 762, 769 (5th Cir. 1984). "Policymakers act in the place of the governing body in the area of their responsibilities; they are not supervised except as to the totality of their performance." *Id.* at 769.

As stated previously, in order to find a municipality liable in a Section 1983 action, the constitutional deprivation must result from the implementation or execution of a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers. This includes customs and usages which have become so persistent and widespread as to be permanent and well settled so as to constitute a custom or usage with a force of law. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 56 L.Ed.2d 611, 98 S.Ct. 2018 (1978).

However, a municipality cannot be held liable under Section 1983 on a *respondeat superior* theory. *Id.* at 690; and *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1303 (5th Cir. 1995). The same is true of supervisory officials In that there must be some connection between the actions of the defendants and the alleged constitutional violations. *See Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996); and *Hinshaw v. Doffer*, 785 F.2d 1260 (5th Cir. 1986). "Supervisory officials may be liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury." *Baker*, 75 F.3d at 199, (quoting *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992)).

A careful perusal of the plaintiff's Complaint reveals that she has alleged "an illegal custom or practice and/or a custom or policy of inadequate training, supervision, discipline, screening, or hiring" on the part of Walthall County which led to the alleged constitutional deprivations purportedly visited upon the plaintiff. The federal courts operate under notice pleadings and there is no requirement of heightened pleading until

the issue of qualified immunity is raised on behalf of an individual defendant. Even then, dismissal is not warranted based on insufficient pleadings. Instead, the court is called upon to make a decision of whether to order additional pleadings in response to the qualified immunity assertions. *See Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995). The plaintiff has put the defendant on notice as to the claims she is asserting. The specific facts supporting those claims can be sorted out in discovery. Thus, it is not appropriate to dismiss the plaintiff's Complaint as to Walthall County at this stage of the proceedings.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motions to Dismiss **[#s16 & 17]** filed on behalf of Walthall County Deputy Sheriffs Kenneth Martin and Glenn Allen are Denied but that the attempted service of process on each of them is quashed with instructions that the plaintiff perfect service of process on each of these two defendants within thirty days of this Order or this matter will be dismissed as to each of them.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Dismiss **[#18]** filed on behalf of Walthall County is Denied.

SO ORDERED AND ADJUDGED this the 20th day of September, 2006.


s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE