IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DENETRIS BRISTER                                                           PLAINTIFF

VS.                                              CIVIL ACTION NO. 2:05cv2045-KS-MTP

KENNETH MARTIN, et al.                                                   DEFENDANTS

### ORDER ON MOTIONS TO STRIKE AND TO AMEND SCHEDULING ORDER

This matter is before the court on the following motions:

1.    Motion to Strike Plaintiff's Expert Designation [78] filed by defendants Walthall County, Kenneth Martin and Glenn Allen.  Defendants Lawrence County and Marion County have filed a joinder [86] to the motion.  The motion and joinder attack plaintiff's designation of experts as untimely and insufficient under the applicable rules.  In addition, the motion claims that plaintiff's counsel has withdrawn and is no longer permitted to file pleadings on her behalf;[1]

2.    Motion to Amend Case Management Order [77] filed by Lawrence County, Mississippi and Marion County, Mississippi.  The motion requests additional time for these defendants to designate their experts due to plaintiff's alleged failure to provide adequate expert designations as set forth in the Motion to Strike [78]; and

3.    Motion to Amend Case Management Order and Extend Deadlines [80] filed by Walthall County, Kenneth Martin, and Glenn Allen.  The motion requests essentially the same relief as the motion of Lawrence and Marion Counties and for the same reasons.

Plaintiff has responded to the Motion to Strike arguing that the persons listed in her expert designation are  treating physicians from whom no report is required.  She further suggests that the court take less drastic measures to resolve the situation and offers to "issue a subpoena to obtain the

---

[1]This argument can be summarily rejected as Plaintiff's counsel did not withdraw as alleged.  While he did file a Motion to Withdraw as Attorney of Record [69], he later withdrew the motion. [72] The court has not entered an order granting leave to withdraw.

requested information" and requests that she be given time to do so. She does not explain why she has not done so already.

Plaintiff also responded in opposition [83] to the motions to amend the scheduling order [77, 80]. Again she argues that her experts are treating physicians and were neither retained nor specially employed to provide expert testimony. She further asserts that defendants are aware of her medical providers and are obtaining her medical records and, therefore, no extensions of time should be granted.

Having considered the arguments and submissions of the parties, the court finds that the Motion to Strike should be GRANTED, that plaintiff should be allowed a brief time to cure the deficient designations, and that the motions to amend the case management order should be GRANTED.

The court finds that plaintiff's expert designation is wholly insufficient, regardless of whether her experts are treating physicians. Local Rule 26.1 (A)(2)(d) clearly requires disclosure of "facts known and opinions held by the treating physician(s) and a summary of the grounds therefor." Plaintiff's designation of experts[2] does not disclose the facts known or the opinions held by the treating physicians or a summary of the grounds for any opinion. Plaintiff's argument that her expert designation is sufficient is contradicted by the very wording of the expert designation itself which, instead of providing the required information, promises that a report for each expert will be supplied when obtained. Further, that defendants may be able to obtain medical records from plaintiff's treating physicians does not excuse plaintiff's obligations under the rules. Accordingly, the court finds that the plaintiff's designation of experts should be stricken pursuant to Local Rule 26 (A)(2)(b).

The court further finds that plaintiff's request for additional time to supplement her expert designation should be granted in order to allow her a reasonable opportunity to cure the deficient disclosures. Likewise, the defendants' expert designation deadline should be extended for a

---

[2]Included as part of exhibit "E" to the Motion to Strike [78].

reasonable time and the motion and discovery deadlines should be extended briefly.

IT IS, THEREFORE, ORDERED AND ADJUDGED:

1. That the Motion to Strike Plaintiff's Expert Designation is GRANTED. Plaintiff's designation of experts is hereby stricken.

2. On or before March 1, 2007, plaintiff may file a supplemental expert designation to provide *all* of the information required for treating physicians under local rule 26.1 (A)(2)(d). If filed by March 1, 2007, said designation will be deemed timely. However, the supplemental designation must contain the information required by the rule and must be limited only to those treating physicians previously identified in her "Expert Disclosure" served on about January 10, 2007.

3. Defendants's Motions to Amend the Scheduling Order are GRANTED. Defendants shall file their designations of experts on or before March 30, 2007. The discovery deadline is extended to April 16, 2007. The deadline for filing motions other than motions *in limine* is extended to April 30, 2007. All of the dates in the case management order [61], including the date for the trial and pretrial conference remain unchanged.

SO ORDERED AND ADJUDGED this the 15th day of February, 2007.

s/ Michael T. Parker
United States Magistrate Judge