IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DENETRIS BRISTER                                                                   PLAINTIFF

VS.                                          CIVIL ACTION NO. 2:05cv2045-KS-MTP

KENNETH MARTIN, et al.                                     DEFENDANTS

**ORDER ON SECOND MOTION TO STRIKE PLAINTIFF'S EXPERT DESIGNATION**

      This matter is before the court on the second motion [100] of defendants Walthall County, Kenneth Martin, and Glenn Allen to strike the plaintiff's expert designations.[1] The remaining defendants have joined in the motion [104]. The court having considered the motion, the plaintiff's response, the rebuttal and the applicable law finds that the motion should be granted in part and denied in part.

      This is the second time the court has been asked to strike plaintiff's expert witnesses. After the first motion to strike [78], the plaintiff responded taking the position that the initial expert designations were sufficient since the experts were treating physicians and less information is required of such witnesses. Nevertheless, the local rules clearly provide that certain information be provided regarding treating physicians. That information includes "the facts known and opinions held by the treating physician(s) and a summary of the grounds therefor." Local Rule 26.1 (A)(2)(d).

      As plaintiff's designation did not include the required information, the court granted the motion and struck the initial designation of experts. [88] However, preferring to allow the plaintiff a reasonable opportunity to cure the defective or incomplete designations, the court amended the scheduling order and granted plaintiff until March 1, 2007[2] to file supplemental designations. The court made clear in its order [88] that the designation should include *all* of the information required

---

[1] Plaintiff's designation of experts was attached to the second motion to strike [100-3].

[2] Plaintiff's expert designations were initially due on January 10, 2007.

for treating physicians under Local Rule 26.1 (A)(2)(d). (emphasis in original order)

On March 1, 2007, plaintiff filed another designation of experts, but again failed to provide all of the information provided by the local rules. The instant motion to strike and joinder followed. Plaintiff responds that she has complied with the rule and that, in any event, the physicians are only fact witnesses. Defendants argue that they have no clear indication of what opinions these treating physicians will express other than the very limited information in the amended designations.

Local Rule 26.1 (A)(2)(d) clearly requires disclosure of "facts known and opinions held by the treating physician(s) and a summary of the grounds therefor." Plaintiff's designation of experts discloses very little facts known or opinions held by the treating physicians. There is no summary of the grounds for any opinion to be expressed by the treating physicians. The entire designation for five treating physicians, the facts known to them, the opinions held, the caption of the case and the certificate of service barely exceeds two pages.

Rule 37 (c)(1) of the Federal Rules of Civil Procedure provides that "a party that without substantial justification fails to disclose information required by Rule 26 (a) [regarding experts]... is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." As no substantial justification is offered for the failure to fully disclose the information required of treating physicians and the failure to disclose same is not harmless, the plain wording of the rule limits the opinion testimony to be offered by these witnesses. Application of the rule will not prejudice the plaintiff as she takes the position that the physicians are basically fact witnesses only. Moreover, less restrictive remedies such as an extension of time to designate experts have already been attempted. *See*, *Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F. 3d 875, 882-83 (5th Cir. 2004)(outlining factors to consider in determining whether testimony of expert witness will be permitted when designation is improper).

The plaintiff having failed to comply with the initial expert deadline and now having failed to provide the information required for treating physicians despite being granted additional time to do so, the court finds that the motion should be granted in part and denied in part. While, the court will decline to strike the experts, the ***opinion*** testimony of these experts will be strictly limited to

the opinions and information disclosed in the supplemental designation. [100-3]  These experts will be prohibited from offering any opinions other than those identified in the designation offered by the plaintiff and from basing any opinions on facts not summarily disclosed in the supplemental designation. [100-3]

IT IS, THEREFORE, ORDERED AND ADJUDGED that the motion to strike is granted in part and denied in part as set forth herein.

SO ORDERED AND ADJUDGED this the 18th day of April, 2007.

s/ Michael T. Parker
United States Magistrate Judge